UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM OLLER | * | CIVIL ACTION NO.: |
| *Plaintiff* | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| HARBOR FREIGHT TOOLS USA, INC. | * | |
| | * | MAGISTRATE: |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Harbor Freight Tools USA, Inc., hereby gives notice and removes this case to the United States District Court for the Middle District of Louisiana.

Harbor Freight Tools USA, Inc. respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

Harbor Freight Tools USA, Inc. was named as a defendant in an action commenced in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, entitled "*William Oller versus Harbor Freight Tools USA, Inc.*" bearing the case number 167809, Division B.[1]

---

[1] Exhibit A, Petition for Damages.

2.

Plaintiff commenced this action by filing this lawsuit in the Parish of Livingston on August 26, 2020.[2] Harbor Freight Tools USA, Inc. was served with the lawsuit on September 2, 2020.[3]

3.

This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief as required by 28 U.S.C. § 1446(b).

4.

This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Middle District of Louisiana has subject matter jurisdiction under 28 U.S.C. § 1332.

5.

The parties are completely diverse and the amount in controversy exceeds $75,000.

6.

There is complete diversity when the citizenship of each plaintiff is diverse from the citizenship of each defendant.

7.

Plaintiff, William Oller, is a natural person domiciled in the State of Louisiana.

8.

For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. 1332(c)(1).

---

[2] Exhibit A, Petition for Damages.
[3] Exhibit B, Citation to Harbor Freight Tools USA, Inc.

9.

Defendant, Harbor Freight Tools USA, Inc., is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Calabasas, California.

10.

The Fifth Circuit has "...established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000), *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000)*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. *See* La. C.C.P. 893. Thus, the defendant may meet its burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

11.

It was alleged that on or about June 14, 2020, Petitioner, William Oller, was using his Pittsburgh Automotive 1.5-ton car jack manufactured by Harbor Freight Tools USA, Inc. to work

on a 2003 Kia Spectra at a friend's house in Springfield, Louisiana.[4] Petitioner alleged that due to the defective car jack, the car motor fell on William Oller causing him to sustain serious injuries as a result.[5]

12.

It is facially apparent from the original Petition for Damages that the amount in controversy exceeded $75,000, exclusive of interest and costs. William Oller allegedly sustained serious injuries to his left hand, thumb, and other parts of his body as well as other damages. William Oller further alleged the following damages: (a) past, present and future pain and suffering; (b) past, present and future medical expenses; (c) past, present and future mental anguish; (d) past, present and future loss wages; (e) loss of enjoyment of life; (f) loss of earning capacity; and (g) permanent disability.

13.

Plaintiff has failed to include a La. C.C.P. art. 893(1) allegation of the lack of jurisdiction of federal courts due to insufficiency of damages or a general allegation that the claim exceeded or was less than the requisite amount for federal removal as is required by La. C.C.P. art. 893(1).

14.

Although no La. C.C.P. art. 893(1) allegation was included, Defense counsel discussed the nature of Plaintiff's injuries with Plaintiff's counsel over the phone. Plaintiff's counsel informed Defense counsel that the injury is a near amputation of Plaintiff's thumb.[6] Additionally, Plaintiff is an auto mechanic who works extensively with his hands.[7] Therefore, there may be significant lost wages claimed by Plaintiff. Defense counsel sent an email on

---

[4] Exhibit A, Petition for Damages.
[5] Exhibit A, Petition for Damages.
[6] Exhibit C, Affidavit of Steve Lozes.
[7] Exhibit C, Affidavit of Steve Lozes.

{00600730.DOCX;3}  4

September 22, 2020 memorializing this conversation.[8]  Additionally, Plaintiff has not responded to the request to sign a stipulation that damages do not exceed $75,000.[9]  This demonstrates that the amount in controversy exceeds $75,000.00.

15.

At this time, Harbor Freight Tools USA, Inc. has not received medical bills related to Plaintiff's alleged injury.

16.

In *LeBlanc v. Stevenson*, 756 So. 2d 356 (La. App. 3 Cir. 12/22/99) (affirmed adding damages for loss of future earning capacity) 770 So. 2d 766 (La. 10/17/00), a thirty-seven year old carpenter had the majority of his left index finger amputated when trying to dislodge a truck stuck in the mud.  He had 80% impairment of his finger and was awarded $100,000 in general damages by the Third Circuit Court of Appeal after a jury found no liability. In *Muller v. Colony Ins. Co.*, 57 So. 3d 241 (La. App. 1 Cir. 12/9/10), plaintiff's right small finger was amputated. She was awarded $155,000 in general damages.  In *LeBlanc v. Continental Grain Co., Inc.*, 672 So. 2d 951 (La. App. 5 Cir. 3/13/96), plaintiff was awarded $183,000 in general damages for two finger amputations (middle finger and part of index finger).  In *Pertuit v. State Farm Ins. Co.*, 04-176 (La. App. 5 Cir 06/29/04), 877 So. 2d 1101, the Fifth Circuit Court of Appeal affirmed the general damage award of $90,000 for a plaintiff who had the tip of both his index and long fingers has been amputated.  The court noted that the award was low but not an abuse of discretion.  *Id.* at 1108.

---

[8] Exhibit D, September 22, 2020 Email to Plaintiff's counsel.
[9] Exhibit E, September 22, 2020 Stipulation to Plaintiff.

17.

Based on the foregoing, the amount in controversy exceeds $75,000 exclusive of interest and costs.

18.

Harbor Freight Tools USA, Inc. hereby removes this matter to the United States District Court for the Middle District of Louisiana.

19.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

20.

Harbor Freight Tools USA, Inc. reserves the right to submit additional evidence in support of removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

21.

By virtue of this Notice of Removal, Harbor Freight Tools USA, Inc. does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law, including contesting jurisdiction and service.

**WHEREFORE,** Defendant, Harbor Freight Tools USA, Inc., prays that the above-described civil action now pending in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, be removed from there to the United States District Court for the Middle District of Louisiana and this action thereafter proceed in this Honorable Court. Defendant's undersigned counsel signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**
**STEVEN M. LOZES (#8922)**
**TROY N. BELL (#20099)**
**JAMES M. MATHERNE (#26155)**
**COLIN F. LOZES (#35893)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO & MATHERNE, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile:  (504) 524-7887
Email:  vmatherne@courington-law.com,
          slozes@courington-law.com,
          tbell@courington-law.com,
          jmatherne@courington-law.com,
          clozes@courington-law.com
***Attorneys for Defendant, Harbor Freight Tools USA, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2020, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court by using the CM/ECF system. I also certify that I have forwarded a copy of this filing to counsel via facsimile and certified mail at the following addresses:

ATTORNEYS FOR PLAINTIFF, William Oller

Chehardy, Sherman, Williams, Murray,
Recile, Stakelum & Hayes, LLP
GEORGE B. RECILE (#11414)
JONATHAN M. LEE (#38814)
One Galleria Boulevard, Suite 1 100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504)437-1650

And

Law Offices of Sam J. Dileo, Jr. &
Associates
SAMUEL J. DILEO, JR.
1250 SW Railroad Avenue, Suite 100B
Hammond, LA 70404
Telephone: 985-345-0570
Facsimile: 985-542-7014

s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**